UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81278-CIV-HURLEY

ISOCIAL MEDIA, INC.,.
    plaintiff,

vs

BWIN.PARTY DIGITAL
ENTERTAINMENT PLC,
    defendant.
_____/

## ORDER GRANTING JURISDICTIONAL DISCOVERY

    Plaintiff, Isocial Media ("Isocial"), a Florida corporation, sues defendant Bwin.Party Digital Entertainment PLC ("bwin.party"), a foreign public limited company incorporated in Gibraltar, asserting claims for tortious interference with an advantageous business relationship (Count 1) and violation of the Florida Deceptive and Unfair Practices Act (Count 2). According to plaintiff's now operative second amended complaint, bwin.party initially consented to plaintiff's use of defendant's "Party Star Poker" trademark in the name of plaintiff's gaming website, "partystarpoker.com," but later reneged and withdrew permission when the popularity of plaintiff's website posed a competitive threat to bwin.party. As part of the "reneging" process, bwin.party allegedly "bullied" Isocial's technical provider, Paxson Marketing Ltd ("Paxon") into shutting down plaintiff's website with threats of litigation over unauthorized use of the "Party Star Poker" trademark and a demand for immediate transfer of the "partystarpoker.com" domain name to bwin.party .

    ISocial's complaint further asserts the existence of personal jurisdiction over defendant pursuant to Fla. Stat. § 48.193(1)(b) for committing a tortious act within the State of Florida and alternatively, general jurisdiction under § 48.193(2) based on a course of substantial and not isolated

activity within the state of Florida conducted by bwin.party or wholly owned subsidiaries acting under its control and direction.[1]

The case is now before the court upon the defendant's motion to dismiss plaintiff's second amended complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6)[ECF NO. 29] together with plaintiff's response in opposition, including a request for entry of order permitting jurisdictional discovery [ECF 34].

In order to establish personal jurisdiction over a non-resident defendant, a plaintiff must allege:  (1)  sufficient jurisdictional facts to bring the action within the state's long arm statute, §48.193, Florida Statutes (2003); and (2) sufficient minimum contacts exist between the non-resident defendant and the State so as to satisfy constitutional due process requirements.  *Venetian Salami Co. v Parthenais*, 554 So.2d 499, 502 (Fla. 1989).

The Eleventh Circuit has established a three-part test to test whether the constitutional "minimum contacts" requirement is met:  (1) First, the contacts must be related to the plaintiff's cause of action; (2) Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum; and (3) the defendant's contact with the forum must be such that the defendant should reasonably anticipate being haled into court in that state.  *Posner v Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1220 (11th Cir. 1999).

In order to contest a complaint's jurisdictional allegations, a defendant must raise meritorious

---

[1] Personal jurisdiction may properly be asserted over a corporation where another person or entity is acting as its alter ego, i.e. where one corporation is so organized and controlled and its affairs so conducted that it is, in fact, a "mere instrumentality" or adjunct of another corporation. *See e.g. Epps v Steward Information Services Corp.*, 327 F.3d 642 (8th Cir. 2003).

2

challenge by way of competent proofs in the form of affidavits, documents or testimony. *Jet Charter Serv. Inc. v Koeck*, 907 F.2d 1110 (11th Cir. 1990), *cert. denied*, 499 U.S. 937 (1991). If the non-resident's affidavits refute the asserted jurisdictional allegations with specific facts, then the burden shifts to the plaintiff to come forward with competent proofs in support of its jurisdictional allegations. If the challenger comes forward with only conclusory allegations of ultimate fact, however, the burden does not shift to plaintiff. *Id.*

In this case, defendant buttresses its jurisdictional challenge to plaintiff's complaint with the affidavits of (1) Robert Hoskin, Secretary of bwin.party, who avers that "bwin.party" has never physically operated a business or business venture in the State of Florida, and has never had a place of business in the Florida or anywhere else in the United States; (2) David Alen Lang, bwin.party Director of Business Development, who identifies himself as the individual responsible for development of bwin.party's business partnerships, including those related to the company's strategy for re-entry into the United States' online gaming market should online gaming become legalized, who avers that he made two trips to Florida in 2010 and 2011, totaling approximately seven days, to discuss potential partnership arrangements with Florida-based businesses, with no agreements finalized or executed as a result of those discussions; (3) Ciara Boyle, legal counsel for bwin.party located in Gibraltar, identified as the author of the cease-and-desist letter dated June 25, 2012 delivered by courier from bwin.party in Gibraltar to Paxson Marketing Ltd in Cyprus, who avers that she did not know iSocial purportedly owned the "Party Star Poker" brand and website at the time she issued this letter, and was unaware of any business negotiations or transactions between "Ongame Network Ltd," a former subsidiary of bwin.party, and iSocial; at that time, and (4) Don Jaques, Director of Business Development at Ongame Network Ltd since August 2011, who avers

3

that he was approached in March 2012 by Will Jordan, an iSocial representative, about the possibility of launching an "iSocial" branded gaming website, or "skin" on the Ongame poker network, but rejected the proposal without bringing it to attention of bwin.party.

In response, plaintiff contends that defendant has not successfully challenged the jurisdictional allegations of the complaint by these proofs, and that to some degree the affidavits submitted in fact support plaintiff's jurisdictional theories. Alternatively, plaintiff seeks an order permitting jurisdictional discovery to allow it to better respond to the defendant's challenges to personal jurisdiction.

Observing that jurisdictional discovery is highly favored before resolving Fed. R. Civ. P. 12(b)(2) motions to dismiss for want of personal jurisdiction, *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir. 1982), citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978),[2] the court finds jurisdictional discovery to be appropriate in this case, where the defendant challenges plaintiff's allegations concerning the nature and extent of its contacts with the State of Florida – questions of fact which are appropriately aired in jurisdictional discovery and resolved prior to a ruling on the merits of defendant's motion to dismiss for failure to state a claim.

It is accordingly **ORDERED AND ADJUDGED**:

1. Plaintiff's request for leave to conduct discovery limited to facts relating to personal jurisdiction is **GRANTED**.

---

[2] *See also Chudasama v. Mazda Motor Corp*, 123 F.3d 1353, 1367 (11th Cir. 1997); *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984); *Blanco v.Carigulf Lines*, 632 F.2d 656, 657 (5th Cir. 1980); *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244, 1248-49 (5th Cir. 1976); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140 (5th Cir.)(*en banc*), *cert. den*. 414 U.S. 1116 (1973)

2. The parties shall have **SIXTY (60) DAYS** from the date of entry of this order within which to conduct jurisdictional discovery.

3. Upon completion of jurisdictional discovery, plaintiff shall have **TEN (10) DAYS** within which to file a factual supplement to its response in opposition to the defendant's motion to dismiss.

4. Following submission of plaintiff's factual supplement, the defendant shall have **TEN (10) DAYS** within which to submit its reply memoranda in support of its motion to dismiss.

5. In light of the foregoing, the hearing upon defendant's motion to dismiss previously set for May 16, 2013 is **CANCELLED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 25th day of April, 2013.

Daniel T. K. Hurley
United States District Judge

cc.
All counsel