UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:12-cv-81278-DTKH

ISOCIAL MEDIA INC.

        Plaintiff,

v.

BWIN.PARTY DIGITAL ENTERTAINMENT
PLC

        Defendant.
_____/

**DEFENDANT BWIN.PARTY DIGITAL ENTERTAINMENT PLC'S
OPPOSITION TO PLAINTIFF'S MOTION FOR IMMEDIATE REVOCATION OF
*PRO HAC VICE* ADMISSION OF DAVID H. STERN, ESQ.**

Defendant bwin.party digital entertainment plc ("bwin.party") hereby opposes and respectfully requests that the Court deny Plaintiff iSocial Media, Inc.'s ("iSocial" or "Plaintiff") Motion for Immediate Revocation of *Pro Hac Vice* Admission of David H. Stern, Esq. ("Motion") on the grounds that: (1) the Southern District of Florida Local Rules ("Local Rules") have not been "violated" because they do not prohibit counsel from identifying the type of objection raised at a deposition; (2) even if merely identifying the objection to a question were a violation of the Local Rules, which it is not, the requested sanctions are excessive; and (3) the timing of the Motion raises the specter of litigation gamesmanship as a motivating factor.

First, Plaintiff fails to identify any true violations of the Local Rules.  The Motion is based solely on the manner in which Mr. Stern phrases his objections; it is not based on any

refusal by a deponent to answer a question or on the basis that Mr. Stern directed a deponent not to answer a question based on an objection.  Plaintiff complains that Mr. Stern's objections go beyond the rote "objection: form," to actually including the defect in the question's form on which the objection is based.  (Mot. ¶ 7.)  But a review of the objections identified by Plaintiff (Mot. ¶ 7), demonstrates that Mr. Stern's practice is to succinctly identify the grounds for his objections – which is exactly what Fed. R. Civ. Proc. 30 <u>and</u> the Local Rules require.  Indeed, the vast majority of objections Plaintiff complains of (*i.e.*, "Objection to the form, overbroad," "Objection, asked and answered," "Objection, foundation, best evidence," "Objection to the form, argumentative," "Objection, vauge") succinctly define the form defect warranting the objection.

Nor does Section II(B)(1) of the Discovery Practices Handbook prohibit an attorney from identifying his or her specific objection – *i.e.*, "Objection: foundation" – and in fact, specifically approves of specific objections where they may aid in the cure of defective questions:

> Objections to the Form of Questions.  Federal Rule of Civil Procedure 32(d)(3)(B) provides that an objection to the form of a question is waived unless made during the deposition.  Many lawyers make such objections simply by stating "I object to the form of the question."  This normally suffices because it is usually apparent that the objection is directed to "leading" or to an insufficient or inaccurate foundation.  The interrogating lawyer has a right to ask the objecting party to be more specific in his objection, however, so that the problem with the question, if any, can be understood and, if possible, cured, as the rule contemplates.

Further, Plaintiff's reference to purported "directives" made by Mr. Stern during the depositions — *i.e.*, "proceed" — is disingenuous given that Plaintiff's counsel chose to conduct the international depositions telephonically, and therefore, any indications made to opposing counsel to continue with his questions were made to move the deposition forward since

2

Plaintiff's counsel was not present for the visual queues from either the witness or counsel that normally suffice.

Second, even if Mr. Stern's identification of the basis for his objections — which provides Plaintiff's counsel an opportunity to cure the question's defect — violated the Local Rules, which they do not, Plaintiff's requested remedy — depriving bwin.party of its choice of counsel in this action — is an extreme sanction well out of proportion to the alleged violation, and should be rejected. The transcripts of the depositions at issue, which Plaintiff has represented it will file under seal pursuant to the Stipulated Protective Order in this matter, will demonstrate the relief requested is without merit and a patent overreach by Plaintiff.

Moreover, Plaintiff has presented no authority that disqualifying a party's chosen counsel is a proportionally proper sanction for the alleged violations. Indeed, the only authority for the revocation of Mr. Stern's *pro hac vice* admission offered by Plaintiff, *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297 (S.D. Fla. 2010), did not involve the revocation of an attorney's *pro hac vice* status. Rather, the court in *Royal Bahamian* merely imposed modest monetary penalties against the attorneys who had violated the clear "meet and confer" requirements of the Local Rules and had certified — wrongly — to having complied with the same. As part of its discussion, the court in *Royal Bahamian* went out of its way to note that it did not want to punish the parties for the actions of the attorneys, and in fact rejected imposing severe sanctions against the attorneys in the first place. *Id.* at 1302-04. If anything, *Royal Bahamian* rejects what Plaintiff requests here: severely sanctioning a party (by depriving it of its choice of counsel right before a deposition) for an alleged transgression of a local rule.

3

Third, the timing of the Motion smacks of gamesmanship. Plaintiff filed the Motion only after Mr. Stern advised Plaintiff's counsel that he was already in Toronto, Canada, to defend the deposition of bwin.party's former CEO, Jim Ryan. Mr. Stern also advised Mr. Rubinstein that Mr. Stern just learned, while traveling to defend depositions in this matter, that his father has been hospitalized. Nevertheless, Plaintiff's counsel filed the instant motion the day before the deposition requesting the immediate disqualification of Mr. Stern, leaving bwin.party's counsel little time to respond to the motion while still preparing Mr. Ryan for his pending deposition. At a minimum, the timing of the Motion begs for a proper briefing schedule to allow the parties to properly apprise the Court of the relevant details, and for the Court to review the relevant transcripts not in isolation, but in context and with respect to the rule of completeness.

Accordingly, bwin.party respectfully requests that the Court deny the Motion.

Dated: June 13, 2013

Respectfully submitted,

By: s/Nicolas Swerdloff_____

David H. Stern  (admitted *pro hac vice*)
sternd@hugheshubbard.com
Noah Graff  (admitted *pro hac vice*)
graff@hugheshubbard.com
Carolin Sahimi  (admitted *pro hac vice*)
sahimi@hugheshubbard.com
HUGHES HUBBARD & REED LLP
350 South Grand Avenue, Suite 3600
Los Angeles, CA 90071
Telephone:   (213) 613-2800
Facsimile:   (213) 613-2950

Nicolas Swerdloff (Florida Bar No. 070416)
swerdlof@hugheshubbard.com
HUGHES HUBBARD & REED LLP
201 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:   (305) 358-5571
Facsimile:   (305) 371-8759

*Attorneys for Defendant*
*bwin.party digital entertainment plc*

4

40245208_1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 13th day of June, 2013 via CM/ECF upon: **Steven Mark Katzman, Craig Alan Rubinstein**, Katzman Wasserman Bennardini & Rubinstein, P.A., 7900 Glades Road, Suite 140, Boca Raton, Florida 33434, attorneys for plaintiffs; **Gary Steven Menzer**, Menzer & Hill, P.A., 2200 NW Corporate Blvd., Suite 406, Boca Raton, Florida 33431, attorney for plaintiffs.

_____s/ Nicolas Swerdloff_____