UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-81278-HURLEY/HOPKINS

ISOCIAL MEDIA INC.,

    Plaintiff,

vs.

BWIN.PARTY DIGITAL ENTERTAINMENT PLC,

    Defendant.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR IMMEDIATE REVOCATION OF *PRO HAC VICE* ADMISSION OF DAVID H. STERN, ESQ.**

    Plaintiff, iSocial Media Inc. ("iSocial"), by and through undersigned counsel, hereby files its Reply to Defendant's Opposition to Defendant's Motion for Immediate Revocation of *Pro Hac Vice* Admission of David H. Stern, Esq. ("Stern"), and states as follows:

    1.    Defendant's argument on page 2 of its Opposition that Section II(B)(1) of the Discovery Practices Handbook "specifically approves of specific objections where they may aid in the cure of defective questions" is a misstatement of the rule. The rule actually states "**The interrogating lawyer has a right to ask the objecting party to be more specific in his objection**, however, so that the problem with the question, if any, can be understood and, if possible, cured, as the rule contemplates." (emphasis added). At no time did counsel for Plaintiff ask Stern to be more specific in his objection. Rather,

Stern objections were immediately improper (e.g. "Object to the form of the question. It's argumentative, it's over broad, frankly it's harassing, foundation, and I don't see how -- you may want to offer proof on how that may even be relevant.). Stated differently, there was never a time when Stern merely stated "objection to form", after which Plaintiff asked him to explain.

2.      Defendant's attempt to characterize Stern's "directives" to counsel for Plaintiff as an attempt to "move the deposition forward since Plaintiff's counsel was not present for the visual queues from either the witness or counsel that normally suffice" is nonsensical. Stern was clearly attempting to give orders to counsel for Plaintiff as if he was the Judge. It should be noted that Defendant did not even attempt to defend Stern's statements of "I'm going to require an offer of proof at some time" or "I'm generally allowing you some latitude, counsel, around this issue", as it is impossible to defend the indefensible.

3.      The notion that Defendant would be prejudiced by the revocation of the *pro hac vice* admission of Stern is without merit for two reasons. First, by that logic, no counsel could ever be disqualified, because every client would ostensibly be prejudiced by the disqualification of the counsel of his choice. Second, Defendant has retained, not one, not two, not three, but <u>four</u> lawyers from the Hughes Hubbard & Reed LLP law firm to represent it in this matter. Stern is only one of those four lawyers. Therefore, disqualification of Stern will not deprive Defendant of its counsel of choice.

4.      Finally, the notion that Plaintiff filed the instant Motion as a means of

gamesmanship is a blatant misrepresentation. The fact of the matter is that Plaintiff told Stern both during the June 7, 2013 deposition of Robert Hoskin, and the June 11, 2013 deposition of David Alen Lang (long before Stern learned that his father had become ill, which was after the depositions of Mr. Hoskin and Mr. Lang had been completed) that the instant Motion would be filed if Stern did not comply with the Local Rules governing objections in depositions. [Hoskin 6/7/13 Depo.: P.90, ln.9-13; Lang 6/11/13 Depo.: P.11, ln.10-15].[1] When Stern persisted in his conduct, the transcripts of the depositions were ordered on an expedited basis from London (at a substantial financial cost to Plaintiff), and the instant Motion was filed the same day that the second transcript was received.

WHEREFORE, for all of the foregoing reasons, Plaintiff, iSocial Media Inc., respectfully moves the Court to immediately revoke the *pro hac vice* admission of David H. Stern, Esq. in this action.

---

[1] The transcripts will be filed with the Court today pursuant to a Motion to Seal.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to GARY S. MENZER, ESQ., Menzer & Hill, P.A., 2200 NW Corporate Blvd., Suite 406, Boca Raton, FL 33431; NICOLAS SWERDLOFF, ESQ., Hughes Hubbard & Reed, LLP, 201 S. Biscayne Blvd., Suite 2500, Miami, FL 33131; NOAH GRAFF, ESQ., Hughes Hubbard & Reed, LLP, 350 South Grand Ave., Los Angeles, CA 90071; CAROLIN SAHIMI, ESQ., Hughes Hubbard & Reed, LLP, 350 South Grand Ave., Los Angeles, CA 90071; and DAVID H. STERN, ESQ., Hughes Hubbard & Reed, LLP, 350 South Grand Ave., Los Angeles, CA 90071, this 14th day of June, 2013.

            KATZMAN, WASSERMAN,
             BENNARDINI & RUBINSTEIN, P.A.
            Suite 140/Boca Corporate Plaza
            7900 Glades Road
            Boca Raton, Florida 33434
            Tel.: (561) 477-7774
            Fax: (561) 477-7447

            By: /s/ Craig A. Rubinstein
              STEVEN M. KATZMAN
              Fla. Bar No.: 375861
              smk@kwblaw.com
              CRAIG A. RUBINSTEIN
              Fla. Bar No.: 77755
              car@kwblaw.com